**POLSINELLI LLP**
Alex Polishuk (SBN 265439)
apolishuk@polsinelli.com
Sarah Oh (SBN 322164)
soh@polsinelli.com
Grant Horton (SBN 333617)
ghorton@polsinelli.com
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Telephone:   (310) 556-1801
Facsimile:    (310) 556-1802

Attorneys for Defendant
LEMONTREE HEALTHCARE SERVICES LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERCALL CONRAD WILLIAMS, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LEMONTREE HEALTHCARE SERVICES LLC, a Virginia limited liability company; NOR HEALTHCARE SYSTEMS CORP, a Nevada corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. _____<br><br>[Los Angeles Superior Court Case No. 26STCV19627]<br><br>**DEFENDANT LEMONTREE HEALTHCARE SERVICES LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1331, 1441, AND 1446**<br><br>Complaint Filed: June 18, 2026<br>Trial Date:        Not Set |

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**:

**PLEASE TAKE NOTICE** that Defendant Lemontree Healthcare Services LLC ("Lemontree" or "Defendant"), by and through its counsel, hereby removes the above-referenced action from the Superior Court of the State of California for the County of Los Angeles (the "State Action"), in which the action is currently pending, to the United States District Court for the Central District of California on the grounds that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 1367, 1441, and 1446 and all other applicable bases for removal.

Pursuant to 28 U.S.C. § 1446(a), as the requisite "short and plain statement of the grounds for removal," Defendant avers as follows:

## I.    INTRODUCTION

1.    Defendant hereby removes the State Action to this Court pursuant to 28 U.S.C. §§ 1331, 1367, and 1441 and 1446.

2.    Removal is proper because this is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, as it is an action arising under federal law. Specifically, as set forth in more detail below, this action is preempted by Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 141 *et seq.*, because it is based on rights created by and requires interpretation of a collective bargaining agreement, which governs the terms and conditions of Plaintiff's employment. Therefore, this action may be removed to this Court pursuant to 28 U.S.C. § 1441(a) and (c).

3.    The following is a short and plain statement of the grounds for removal pursuant to 28 U.S.C. § 1446(a).

## II.    PLEADINGS, PROCESS AND ORDERS

4.    On June 18, 2026, Plaintiff Mercall Conrad Williams ("Plaintiff") filed a Class Action Complaint in the Superior Court of the State of California in and for the County of Los Angeles against Lemontree and Nor Healthcare Systems Corp

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

**LEMONTREE'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1331, 1441, AND 1446**

120070144.5

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

(collectively "Defendants"), entitled *Mercall Conrad Williams, individually, and on behalf of all others similarly situated v. Lemontree Healthcare Services., et al.*, Case No. 26STCV19627 (the "Complaint"). Plaintiff purports to sue on his own behalf and on behalf of "all other persons who have been employed by any Defendants in California as an hourly-paid, non-exempt employee during the statute of limitations period applicable to the claims pleaded here." (the "Putative Class"). Ex. A (Complaint), ¶ 2. Plaintiff alleges the following causes of action: (1) Failure to Pay Minimum Wages (Cal. Lab. Code §§ 204, 1194, 1194.2, and 1197); (2) Failure to Pay Overtime Compensation (Cal. Lab. Code §§ 1194 and 1198); (3) Failure to Provide Meal Periods (Cal. Lab. Code §§ 226.7 and 512); (4) Failure to Authorize and Provide Rest Breaks (Cal. Lab. Code § 226.7); (5) Failure to Indemnify Necessary Business Expenses (Cal. Lab. Code § 2802); (6) Failure to Timely Pay Final Wages at Termination (Cal. Lab. Code §§ 201-203); (7) Failure to Provide Accurate Itemized Wage Statements (Cal. Lab. Code § 226); and (8) Unfair Business Practices (Cal. Bus. & Prof. Code §§ 17200 *et seq.*). Ex. A (Compl.), ¶ 2. Attached hereto as **Exhibit A** is a true and correct copy of the Complaint.

5. On June 25, 2026, Plaintiff served Defendants' registered agents for service of process with the Complaint and the following documents:

a. **Exhibit B: Summons**

b. **Exhibit C: Civil Case Cover Sheet**

c. **Exhibit D: Alternative Dispute Resolution (ADR) Information Packet**

d. **Exhibit E: Notice of Case Assignment**

6. On June 26, 2026, Plaintiff filed the following documents in the State Court Action:

a. **Exhibit F: Proof of Service of Summons on Defendant Lemontree Healthcare Services LLC**

b. **Exhibit G: Proof of Service of Summons on Defendant Nor**

2

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

**Healthcare Systems Corp**

7. Lemontree is informed and believes that the aforementioned documents and exhibits constitute all of the process, pleadings, and orders on file in the State Court Action. *See* 28 U.S.C. § 1446(a).

8. Lemontree is informed and believes that there has been no service of process upon any "Does," which are fictitious defendants and therefore disregarded for purposes of this removal. *See* 28 U.S.C. § 1441(b).

9. By filing this Notice of Removal, Lemontree does not intend to waive, and hereby reserves, any objections as to venue, the legal sufficiency of claims alleged in the Complaint, and all other defenses. Lemontree reserves the right to supplement and amend this Notice of Removal.

## III. VENUE

10. Venue lies in this Court because the State Court Action is pending in this district and division. *See* 28 U.S.C. § 1441(a).

## IV. TIMELINESS OF REMOVAL

11. This action has not previously been removed to federal court.

12. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) which provides that such Notices "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim upon which such action or proceeding is based." The 30-day period for removal is triggered once service occurs. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

13. Plaintiff served Lemontree, through its registered agent for service of process, on June 25, 2026. Lemontree has filed this Notice of Removal within thirty (30) days of June 25, 2026. Therefore, this action is being removed within 30 days of the first date upon which Lemontree was served with any paper giving it knowledge that the action was removable.

///

3

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

## V.    FACTUAL ALLEGATIONS

14.    As relevant to this Court's jurisdiction conferred pursuant to 28 U.S.C. §§ 1331, Plaintiff specifically alleges:

a.    "Plaintiff is a California resident that works for Defendants in the County of Los Angeles, State of California, as an hourly, non-exempt Grill Cook since approximately January 2026." Ex. A (Compl.), ¶ 7.

b.    "Plaintiff is typically scheduled to work 5 days in a workweek, and typically in excess of 8 hours in a single workday." *Id*., ¶ 14.

c.    "Defendants maintained a policy and practice of not paying Plaintiff and the Class for all hours worked, including all overtime wages. In those instances where Plaintiff and the Class earned non-discretionary bonuses and other renumeration, Defendants failed to incorporate all renumeration when calculating the correct overtime rate of pay, meal break premium rate of pay, rest break premium rate of pay, and sick day rate of pay." *Id*., ¶ 16.

d.    "Also throughout the statutory period, Plaintiff and the Class were required to work 'off-the-clock' and uncompensated." *Id*.

e.    "Throughout the statutory period, Defendants have wrongfully failed to provide Plaintiff and the Class with legally compliant meal periods." *Id*., ¶ 17.

f.    "Throughout the statutory period, Defendants have wrongfully failed to authorize and permit Plaintiff and the Class to take timely and duty-free rest periods." *Id*., ¶ 18.

g.    "Throughout the statutory period, Defendants wrongfully required Plaintiff and the Class to pay expenses that they incurred in direct discharge of their duties for Defendants without reimbursement." *Id*., ¶ 19.

h.    "Throughout the statutory period, Defendants willfully failed and refused to timely pay Plaintiff and the Class at the conclusion of their employment all wages for all minimum wages, overtime wages, meal period

4

premium wages, and rest period premium wages." *Id*., ¶ 20.

i.      "Throughout the statutory period, Defendants failed to furnish Plaintiff and the Class with accurate, itemized wage statements…" *Id*., ¶ 21.

15.      Lemontree's operations in Culver City, California, where Plaintiff is employed, are governed by a collective bargaining agreement ("CBA" or "Labor Agreement") with the Service Employees International Union – United Service Workers West (the "Union"), which is the Union representing the bargaining unit of which Plaintiff is a member.  Declaration of Dewayne Lewis ("Lewis Decl.") at ¶ 5, Ex. A. The CBA has been in effect from July 1, 2016 to the present. *Id*.

## VI.      FEDERAL QUESTION JURISDICTION

16.      This Court has original subject matter jurisdiction over this civil action under 28 U.S.C. § 1331 and removal is proper under 28 U.S.C. §§ 1441 and 1446 because this action raises issues that directly implicate questions of federal law under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA") and the National Labor Relations Act 29 U.S.C. §§ 151-169 ("NLRA").

17.      Section 301 of the LMRA, which is codified as Title 29 U.S.C. §§ 141-187, provides that:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce … may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or with regard to the citizenship of the parties.

29 U.S.C. § 185(a).

18.      Section 301 applies "beyond cases specifically alleging contract violation to those whose resolution is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract." *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 689 (9th Cir. 2001) (int. cit. omitted); *see also Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 748 (9th Cir. 1993)

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

5

**LEMONTREE'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1331, 1441, AND 1446**

120070144.5

(Section 301 preempts a state law claim "if the resolution of [that] claim depends upon the meaning of a collective-bargaining agreement").

19.    All state law claims raised by a union-represented employee that require interpretation of a collective bargaining agreement must be brought pursuant to Section 301 of the LMRA. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985); *Newberry v. Pac. Racing Ass'n*, 854 F.2d 1142, 1146 (9th Cir. 1988) (concluding "[t]he preemptive force of section 301 is so powerful that it displaces entirely any state cause of action for violation of a collective bargaining agreement … any state claim whose outcome depends on analysis of the terms of the agreement.").

20.    Section 301 specifically has been held to preempt California state law claims that are substantially dependent upon interpretation of a collective bargaining agreement. *Firestone v. So. Calif. Gas Co.*, 219 F.3d 1063, 1066-1067 (9th Cir. 2000). This is so even where interpretation was required to evaluate the employer's defense to a plaintiff's state law causes of action. *See Levy v. Skywalker Sound*, 108 Cal. App. 4th 753, 768 (2003) (claim for unpaid wages preempted because it "rest[ed] entirely" on a claim that plaintiff was "entitled … to wages at the level set by the CBA."). Thus, **any suit "alleging a violation of a provision of a labor contract must be brought under § 301 and be resolved by reference to federal law."** *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019) (emph. added) (int. cit. omitted); *Landy v. Pettigrew Crewing, Inc.*, 2019 WL 6245525, at *5 (C.D. Cal. 2019) (finding LMRA preemption for plaintiff's Labor Code § 204 claim and extending supplemental jurisdiction for the other wage and hour claims because they form the same case and controversy).

### A.    The CBA Governs Plaintiff and the Putative Class's Employment.

21.    Plaintiff has worked for Lemontree as a grill cook in Culver City, California since approximately November 30, 2025. Lewis Decl., ¶ 4.

22.    Plaintiff brings wage claims on behalf of himself and the Putative Class beginning four (4) years before the filing of his Complaint and ending when notice of

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

6

class certification to the Class is sent. Ex. A (Compl.), ¶ 24. Based on the June 18, 2026 filing of the Complaint, the relevant period for Plaintiff's wage claims is June 18, 2022 to present (the "Relevant Period").

23.    The CBA was in effect during the entire Relevant Period. Lewis Decl., ¶ 5, Ex. A. Thus, the terms and conditions of Plaintiff's employment were at all relevant times subject to the CBA.

24.    The Union is a labor organization in which certain employees of Lemontree participate, and which exists for the purpose of dealing with employees concerning grievances, labor disputes, wages, rates of pay, hours of employment, conditions of work, discipline, and discharge. At all relevant times, the Union has been and is a labor organization within the meaning of Section 2(5) of the NLRA and Section 301(a) of the LMRA. 29 U.S.C. §§ 152(5) and 185(a).

25.    Article 1 of the CBA provides the Union is "the sole and exclusive bargaining representative with respect to salaries, hours of employment and other conditions of employment for all regular employees… in the classifications identified in Appendix A." Lewis Decl., ¶ 5, Ex. A (emph. in original). Appendix A of the CBA includes the position of "Grill Cook," which Plaintiff at all relevant times held, as one of the job classifications that is subject to the CBA. *See id*. At all relevant times, it has consistently been represented by the Union that the Union represents employees within the Food & Nutrition Department, including Plaintiff, who are subject to the CBA. *Id*. at ¶ 6.

**B.    Plaintiff's Wage Claims Are Preempted by the LMRA Because They Exist as a Result of the CBA and Require Substantial Interpretation of the CBA.**

26.    As applied, Section 301(a) of LMRA wholly preempts any and all purported state law causes of action by an employee concerning a dispute over the terms and conditions of his employment, if the causes of action are "based directly on rights created by a collective bargaining agreement" or require the "interpretation of

7

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

a collective bargaining agreement." *See, e.g., Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1014 (9th Cir. Cal. 2000). As discussed below, Plaintiff's allegations that Defendants violated the California Labor Code involve a right that "exists solely as a result of the CBA" and/or is "inextricably intertwined with consideration of the terms of the labor contract." *Curtis, supra*, 913 F.3d at 1152-53; *Allis-Chambers*, *supra,* 471 U.S. at 213.

27.    Section 301 of the LMRA preempts Plaintiff's theories because resolution of his claims will require interpretation of the CBA in place during the Relevant Period.  Specific provisions of the CBA that will require interpretation include, without limitation, the following:

a.    <u>Failure to Provide Meal Periods</u>.  Plaintiff alleges that Defendants violated the California Labor Code by failing to provide Plaintiff and the Putative Class with meal periods as required by California law.  Resolution of Plaintiff's meal period claim requires interpretation of the CBA.  Specifically, whether Article 21, Section 5 of the CBA, requiring that employees who work five (5) or more hours in a day shall be receive one half-hour unpaid meal break, to be scheduled by the manager or designee, complies with the California Labor Code.  Lewis Decl., ¶ 5, Ex. A.

b.    <u>Failure to Provide Rest Periods</u>.  Plaintiff alleges that Defendants violated the California Labor Code by failing to provide Plaintiff and the Putative Class with rest periods as required by California law.  Resolution of Plaintiff's rest period claim requires interpretation of the CBA.  Specifically, whether Article 21, Section 5 of the CBA, requiring that employees will be provided one (1) ten-minute paid rest period for each four (4) hours worked, to be scheduled by a manager or designee, complies with the California Labor Code.  Lewis Decl., ¶ 5, Ex. A.

c.    <u>Overtime Wages</u>.  Plaintiff alleges that Defendants failed to pay overtime under Labor Code § 510.  *See* Ex. A (Compl.), ¶ 45.  Plaintiff's

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

8

**LEMONTREE'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1331, 1441, AND 1446**

120070144.5

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

overtime claim is preempted by Section 301 of the LMRA because California overtime law does not apply to an employee working under a qualifying CBA. *See Curtis, supra,* 913 F.3d at 1152-53 (citing Cal. Lab. Code § 514) (finding plaintiff's right to overtime "exists solely as a result of the CBA," and therefore is preempted under § 301); Cal. Lab. Code §§ 512, 514 (Sections 510 and 511 "do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for wages, hour of work, and working conditions of the employees, and if the agreement provides premium wages for all overtime hours worked and a regular hourly rate of pay for those employees of not less 30 percent more than the state minimum wage."); *Vranish v. Exxon Mobil Corp.*, 223 Cal. App. 4th 103, 110 (2014) (finding that the CBA at issue fell squarely within Labor Code § 514's terms, and nothing in section 514 required the employer to look to the definition of overtime in section 510); *Franco v. E-3 Sys.*, 2019 WL 6358947, at *3 (N.D. Cal. Nov. 8, 2019) (denying plaintiff remand "[b]ased on the language in §§ 510 and 514,… where a CBA meets the requirements of § 514, a plaintiff's § 510 claim for overtime is 'controlled' by a CBA and therefore preempted by § 301 of the LMRA."). Here, the CBA governing Plaintiff's employment satisfies each of Cal. Labor Code section 514's requirements, as the CBA: (1) determines wages and paid more than 30% above California state minimum wage (*See* Lewis Decl., ¶ 5, Ex. A, Articles 21-22, Appendix A); (2) defines hours of work (*Id.*, Article 21); (3) pays premium wage rates for overtime (*Id.*, Article 21); and (4) establishes working conditions of employees (*Id*, Articles 1-34).

d. <u>Derivative Claims</u>. Plaintiff's claims for violations of Labor Code sections 201-203 (waiting time penalties), 204 (failure to timely pay wages during employment), 226 (wage statement violations, and 1194 (failure to pay minimum wages), and California Business and Professions Code section 17200

9

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

*et seq.* (unfair business practices) are derivative of Plaintiff's meal period, rest break, and overtime claims and interpretation of the same underlying provisions of the CBA.

### C.    Plaintiff's Failure to Reference Section 301 of the LMRA in His Complaint Does Not Preclude Removal.

28.    The Complaint omits the fact that Plaintiff was a member of the Union, and subject to the terms of the CBA while employed by Lemontree.   However, a plaintiff may not be permitted to "artfully plead" to conceal the true nature of his complaint.  *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) (holding that plaintiff's state law claim was preempted even though the operative complaint made no mention of a collective bargaining agreement).  Thus, the fact that Plaintiff has not made specific reference to Section 301 or the CBA in his Complaint does not preclude removal.  *See Milne Employees Ass'n v. Sun Carriers, Inc.*, 960 F.2d 1401, 1406 (9th Cir. 1991).

29.    The Court may properly look beyond the face of the Complaint to determine whether the claims asserted are in fact preempted by Section 301. *See Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003).

## VII.    SUPPLEMENTAL JURISDICTION

30.    This Court has supplemental jurisdiction over Plaintiff's remaining claims because they form part of the same case or controversy which is the subject of Plaintiff's overtime, meal period, and rest break claims.  28 U.S.C. §§ 1367(a), 1441(a).  Plaintiff's remaining claims under California law arise from the same working conditions and relationship with Defendants during the same period as Plaintiff's overtime, meal and rest break claims.  Therefore, these claims derive from a "common nucleus of operative fact" and the Court has supplemental jurisdiction over the remaining claims.  *Kuba v. 1-A Agr. Ass'n*, 387 F.3d 850, 855 (9th Cir. 2004) ("Nonfederal claims are part of the same 'case' as federal claims when they

10

derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." (cit. and quot. omitted); *see City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 156-59 (1997) (affirming the exercise of supplemental jurisdiction over a plaintiff's state law claims where they have a "common nucleus of operative fact" with the federal claims).

## VIII.  NOTICE TO PLAINTIFF AND DEFENDANTS

31.    In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be promptly served on Plaintiff's counsel and on the other named Defendant in this matter, Nor Healthcare Systems Corp, and filed with the Clerk of the Superior Court of the State of California, County of Los Angeles.

WHEREFORE, Lemontree respectfully removes to this United States District Court the above-captioned action now pending in the State Court.

Dated: July 24, 2026                         **POLSINELLI LLP**

Alex Polishuk
Sarah Oh
Grant Horton

Attorneys for Defendant
LEMONTREE HEALTHCARE SERVICES
LLC

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

11

**LEMONTREE'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT
PURSUANT TO 28 U.S.C. §§ 1331, 1441, AND 1446**

120070144.5