**POLSINELLI LLP**
Alex Polishuk (SBN 265349)
apolishuk@polsinelli.com
Sarah Oh (SBN 322164)
soh@polsinelli.com
Grant Horton (SBN 333617)
ghorton@polsinelli.com
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Telephone: (310) 556-1801
Facsimile: (310) 556-1802

Attorneys for Defendant
LEMONTREE HEALTHCARE SERVICES LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MERCALL CONRAD WILLIAMS, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LEMONTREE HEALTHCARE SERVICES LLC, a Virginia limited liability company; NOR HEALTHCARE SYSTEMS CORP, a Nevada corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | **Case No.: 2:26-cv-08165-DSF (MARx)**<br><br>**DEFENDANT LEMONTREE HEALTHCARE SERVICES LLC'S ANSWER TO PLAINTIFF MERCALL CONRAD WILLIAMS' FIRST AMENDED COMPLAINT**<br><br>Complaint Filed: June 18, 2026<br>Action Removed: July 24, 2026<br>FAC Filed: August 6, 2026<br>Trial Date: Not Set |



Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

Defendant LEMONTREE HEALTHCARE SERVICES LLC ("Defendant" or "Lemontree"), by and through its undersigned counsel, hereby files its Answer to the First Amended Complaint (the "FAC") filed by Plaintiff MERCALL CONRAD WILLIAMS ("Plaintiff"), as follows. Except as expressly admitted below, Lemontree denies each and every remaining allegation in the FAC, including the allegations in its headings and subheadings, and denies that Plaintiff or any putative class member is entitled to any relief.

## INTRODUCTION & PRELIMINARY STATEMENT

1. In response to paragraph 1 of the FAC, Lemontree admits that Plaintiff has filed this action alleging violations of the California Labor Code and California Business and Professions Code. Lemontree denies that it failed to pay minimum wages, provide compliant meal periods or rest periods, maintain accurate records, timely pay final wages, reimburse necessary business expenses, or furnish accurate wage statements. Lemontree denies the remaining allegations in paragraph 1.

2. In response to paragraph 2 of the FAC, Lemontree admits that Plaintiff purports to assert individual and putative class claims. Lemontree notes that the FAC pleads seven (7) causes of action, notwithstanding the reference in paragraph 2 of the FAC to eight (8) causes of action. Lemontree denies that this action may properly be maintained as a class action and denies the remaining allegations in paragraph 2.

3. In response to paragraph 3 of the FAC, Lemontree admits that it operates a business and employs individuals in California, including in Los Angeles County, and that it is subject to applicable law. The remaining allegations are legal conclusions to which no response is required. To the extent a response is required, Lemontree denies any allegation that it violated the California Labor Code, any Industrial Welfare Commission Wage Order, or the California Business and Professions Code.

4. Lemontree denies the allegations in paragraph 4 of the FAC, including each allegation in subparagraphs (a) through (g). Lemontree specifically denies that it maintained any systematic or company-wide policy or practice of failing to pay wages, provide compliant meal or rest periods, reimburse necessary business expenses, timely pay final wages, maintain accurate

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

records, or provide accurate wage statements.

5. Lemontree denies the allegations in paragraph 5 of the FAC, including that it had actual or constructive notice of any unlawful policy or intentionally refused to correct any such policy. Lemontree further denies that any alleged violation was willful or deliberate.

6. In response to paragraph 6 of the FAC, Lemontree denies that it engaged in any unlawful conduct, policy, practice, act, or omission, and denies that it is liable under respondeat superior or any other doctrine for the alleged violations. The remaining allegations are legal conclusions to which no response is required. To the extent a response is required, the remaining allegations in this paragraph are denied.

**THE PARTIES**

**Plaintiff**

7. In response to paragraph 7 of the FAC, Lemontree lacks knowledge or information sufficient to form a belief as to the truth of the allegation concerning Plaintiff's residence and therefore denies that allegation. Lemontree admits that it employed Plaintiff in Los Angeles County as an hourly-paid, non-exempt Grill Cook beginning approximately in January 2026. Lemontree denies the remaining allegations in paragraph 7.

8. Paragraph 8 of the FAC states a reservation of rights and legal conclusions to which no response is required. To the extent a response is required, Lemontree denies the allegations in paragraph 8.

**Defendants**

9. In response to paragraph 9 of the FAC, Lemontree admits that it is a Virginia limited liability company that transacts business and employs individuals in California, including in Los Angeles County. Lemontree further admits that it employed Plaintiff and exercised ordinary employer control over Plaintiff's wages, hours, and working conditions. Lemontree denies that it conducts business in "numerous counties" to the extent that phrase implies facts beyond those expressly admitted, and denies the remaining allegations in paragraph 9, including the legal conclusions in subparagraphs (a) through (c).

10. Lemontree lacks knowledge or information sufficient to form a belief as to the truth

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

of the allegations in paragraph 10 of the FAC concerning NOR Healthcare Systems Corp., including subparagraphs (d) through (f), and therefore denies those allegations. Lemontree does not answer on behalf of NOR Healthcare Systems Corp.

11. In response to paragraph 11 of the FAC, Lemontree admits that Plaintiff has named Does 1 through 10 as fictitious defendants. Lemontree denies that any Doe defendant is legally responsible for damages allegedly suffered by Plaintiff or the putative class. The remaining allegations are legal conclusions to which no response is required. To the extent a response is required, Lemontree denies the remaining allegations in paragraph 11.

12. Lemontree lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the FAC concerning the identity, residence, business activities, or conduct of the Doe defendants and therefore denies those allegations.

13. In response to paragraph 13 of the FAC, Lemontree admits that it employed Plaintiff. Lemontree denies that every Defendant employed Plaintiff or every putative class member, and denies that Lemontree was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent, successor, or predecessor of any other Defendant, or that it authorized, ratified, adopted, approved, controlled, aided, or abetted any unlawful conduct by another person or entity. The remaining allegations are legal conclusions to which no response is required. To the extent a response is required, Lemontree denies the remaining allegations in paragraph 13.

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

14. In response to paragraph 14 of the FAC, Lemontree admits that Plaintiff worked for Lemontree in Los Angeles County as a Grill Cook during the relevant period. Lemontree lacks knowledge or information sufficient to form a belief as to Plaintiff's residence and therefore denies that allegation. Lemontree denies that Plaintiff was typically scheduled to work five days per workweek or typically worked more than eight hours in a workday, and denies the remaining allegations in paragraph 14.

15. Lemontree admits that it terminated Plaintiff's employment. Lemontree denies the remaining allegations in paragraph 15 of the FAC. Lemontree specifically denies that it failed to

pay Plaintiff for all hours worked, failed to provide compliant meal or rest periods, failed to reimburse necessary business expenses, failed to pay final wages when due, or failed to furnish accurate wage statements.

16. Lemontree denies the allegations in paragraph 16 of the FAC. Lemontree specifically denies that Plaintiff or any putative class member performed uncompensated off-the-clock work, was required to change into a uniform before clocking in without compensation, waited to use a time clock without compensation, was underpaid any premium or sick-pay rate, or was deprived of any wages. Lemontree further denies that it failed to maintain accurate time records. To the extent paragraph 16 is incomplete, vague, or ambiguous, Lemontree denies any construction inconsistent with this response.

17. Lemontree denies the allegations in paragraph 17 of the FAC. Lemontree specifically denies that it failed to provide timely, uninterrupted, duty-free meal periods; required Plaintiff or any putative class member to work during a meal period; required employees to prioritize or respond to work requests during meal periods; failed to advise employees of meal-period rights; or failed to pay any meal-period premium that was due.

18. Lemontree denies the allegations in paragraph 18 of the FAC. Lemontree specifically denies that it failed to authorize and permit timely, uninterrupted, duty-free rest periods; required Plaintiff or any putative class member to work during a rest period; failed to maintain adequate rest-period policies; restricted employees from taking compliant rest periods; or failed to pay any rest-period premium that was due.

19. Lemontree denies the allegations in paragraph 19 of the FAC. Lemontree specifically denies that it required Plaintiff or any putative class member to incur unreimbursed expenses for personal cellular telephone use or any other business purpose, and denies that it failed to reimburse any necessary and reasonable expense of which it had notice.

20. Lemontree admits that it terminated Plaintiff's employment. Lemontree denies the remaining allegations in paragraph 20 of the FAC. Lemontree specifically denies that it failed to timely pay any final wages owed to Plaintiff or any putative class member, or willfully withheld any minimum wage, meal-period premium, rest-period premium, or other wage at the conclusion

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

of employment.

21. Lemontree denies the allegations in paragraph 21 of the FAC, including each allegation in subparagraphs (a) through (h). Lemontree specifically denies that it furnished inaccurate or incomplete wage statements, omitted any required rate, hour, wage, or address information, caused Plaintiff or any putative class member to misunderstand their wage rights, hindered any calculation, caused any loss of governmental benefits, understated any wages or hours, or caused any injury recoverable under California Labor Code section 226.

**CLASS ACTION ALLEGATIONS**

22. In response to paragraph 22 of the FAC, Lemontree admits that Plaintiff purports to bring certain claims as a class action. Lemontree denies that any class should be certified. The remaining allegations are legal conclusions to which no response is required. To the extent a response is required, Lemontree denies the remaining allegations in this paragraph.

23. Paragraph 23 of the FAC asserts legal conclusions to which no response is required. To the extent a response is required, Lemontree denies the allegations in paragraph 23.

24. In response to paragraph 24 of the FAC, Lemontree admits that Plaintiff proposes the class definition stated there. Lemontree denies that the proposed class exists, is ascertainable, or satisfies the requirements of Federal Rule of Civil Procedure 23, and denies the remaining allegations in paragraph 24.

25. Paragraph 25 of the FAC asserts legal conclusions concerning membership in an uncertified class, to which no response is required. To the extent a response is required, Lemontree denies that Plaintiff is a member or an adequate representative of any properly certifiable class.

26. Paragraph 26 of the FAC asserts Plaintiff's characterization of his motives and legal conclusions, to which no response is required. To the extent a response is required, Lemontree denies the allegations in paragraph 26.

27. Lemontree denies the allegations in paragraph 27 of the FAC that there is a well-defined community of interest or a readily ascertainable class, and further responds to its subparagraphs as follows:

(a) Lemontree admits that the proposed class as defined by Plaintiff exceeds 100 individuals.

Lemontree denies the remaining allegations in this subparagraph. Lemontree specifically denies that joinder is impracticable or that the proposed class is readily ascertainable.

(b) Lemontree denies that Plaintiff's claims or defenses are typical of those of the proposed class, that Plaintiff shares a well-defined community of interest with all proposed class members, or that Plaintiff is otherwise qualified to represent the proposed class.

(c) Lemontree denies that Plaintiff can fairly and adequately protect the interests of the proposed class or that Plaintiff has no conflicts with proposed class members. Lemontree lacks knowledge or information sufficient to form a belief as to the allegations concerning Plaintiff's counsel's experience or Plaintiff's litigation expenditures and therefore denies those allegations.

(d) Lemontree denies that a class action is superior to other available methods and denies each allegation and consideration identified in subparagraphs (1) through (4).

(e) The allegations concerning public policy are legal conclusions and generalized assertions to which no response is required. To the extent a response is required, Lemontree denies that those assertions support certification of the proposed class in this action.

28. Lemontree denies the allegations in paragraph 28 of the FAC that common questions of law or fact exist or predominate over individualized questions. Lemontree denies each allegation in subparagraphs (a) through (g), including that it failed to pay wages, provide compliant meal or rest periods, timely pay final wages, maintain accurate records, reimburse necessary business expenses, or comply with the California Business and Professions Code.

29. Lemontree denies the allegations in paragraph 29 of the FAC, including each allegation in subparagraphs (a) through (g) and the nested subparagraphs in (f). Lemontree denies that the requirements of Federal Rule of Civil Procedure 23 are satisfied; that common questions predominate; that class treatment is superior, necessary, manageable, or appropriate; that joinder is impracticable; that separate adjudications create any material risk of inconsistent standards or impairment; or that Lemontree acted or refused to act on grounds generally applicable to a class.

30. In response to paragraph 30 of the FAC, Lemontree admits that Plaintiff contemplates requesting notice to a proposed class. Lemontree denies that class notice is warranted,

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

that Plaintiff is entitled to use Lemontree's records for class notice, or that any proposed notice method is necessary or appropriate. The remaining allegations are legal conclusions to which no response is required. To the extent a response is required, Lemontree denies the remaining allegations in this paragraph.

**FIRST CAUSE OF ACTION**

**(Failure to Pay Minimum Wages for All Hours Worked)**

31. In answering paragraph 31 of the FAC, Lemontree incorporates by reference its responses to the preceding paragraphs of the FAC as if fully set forth herein.

32. Paragraph 32 of the FAC states a legal standard to which no response is required. To the extent a response is required, Lemontree states that the applicable Wage Order and law speak for themselves and are the best evidence of their terms, and Lemontree denies each allegation inconsistent with those authorities.

33. Lemontree denies the allegations in paragraph 33 of the FAC, including that it knowingly failed to pay Plaintiff or any putative class member for all hours worked or willfully violated California Labor Code section 1194 or any Wage Order.

34. Paragraph 34 of the FAC asserts legal conclusions and a demand for relief to which no response is required. To the extent a response is required, Lemontree denies that Plaintiff or any putative class member is entitled to recover minimum wages or other compensation from Lemontree.

35. Lemontree denies the allegations in paragraph 35 of the FAC, including that Plaintiff or any putative class member was deprived of earned wages.

36. Lemontree denies the allegations in paragraph 36 of the FAC, including that it failed to pay compensation, caused any damages, or owes any amount to Plaintiff or any putative class member. Lemontree further denies the allegation concerning any jurisdictional minimum.

37. Lemontree denies the allegations in paragraph 37 of the FAC, including that it failed to keep adequate time records or made calculation of wages difficult.

38. Paragraph 38 of the FAC asserts legal conclusions to which no response is required. To the extent a response is required, Lemontree states that California Labor Code section 1194.2

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

speaks for itself and is the best evidence of its terms, and Lemontree denies that Plaintiff or any putative class member is entitled to liquidated damages.

39. Paragraph 39 of the FAC asserts legal conclusions to which no response is required. To the extent a response is required, Lemontree states that California Labor Code section 204 speaks for itself and is the best evidence of its terms. Lemontree denies that it failed or refused to timely pay any wages due to Plaintiff or any putative class member.

40. Paragraph 40 of the FAC asserts legal conclusions and a demand for relief to which no response is required. To the extent a response is required, Lemontree states that the cited statutes speak for themselves and are the best evidence of their terms, and Lemontree denies that Plaintiff or any putative class member is entitled to unpaid wages, interest, attorneys' fees, costs, or any other relief.

**SECOND CAUSE OF ACTION**

**(Failure to Provide Meal Periods)**

41. In answering paragraph 41 of the FAC, Lemontree incorporates by reference its responses to the preceding paragraphs of the FAC as if fully set forth herein.

42. Paragraph 42 of the FAC asserts legal conclusions to which no response is required. To the extent a response is required, Lemontree states that California Labor Code sections 226.7 and 512 and the applicable Wage Order speak for themselves and are the best evidence of their terms, and Lemontree denies each allegation inconsistent with those authorities.

43. Lemontree denies the allegations in paragraph 43 of the FAC. Lemontree specifically denies that it failed to provide, permit, or authorize legally compliant meal periods; made meal periods impossible or impracticable; or willfully violated California Labor Code section 226.7 or any Wage Order.

44. Paragraph 44 of the FAC asserts legal conclusions and a demand for relief to which no response is required. To the extent a response is required, Lemontree denies that Plaintiff or any putative class member is entitled to meal-period premiums, interest, or any other relief.

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

**THIRD CAUSE OF ACTION**

**(Failure to Authorize and Permit Rest Periods)**

45. In answering paragraph 45 of the FAC, Lemontree incorporates by reference its responses to the preceding paragraphs of the FAC as if fully set forth herein.

46. Paragraph 46 of the FAC asserts legal conclusions to which no response is required. To the extent a response is required, Lemontree states that California Labor Code sections 226.7 and 512 and the applicable Wage Order speak for themselves and are the best evidence of their terms, and Lemontree denies each allegation inconsistent with those authorities.

47. Lemontree denies the allegations in paragraph 47 of the FAC. Lemontree specifically denies that it failed to authorize and permit legally compliant rest periods, made rest periods impossible or impracticable, or willfully violated California Labor Code section 226.7 or any Wage Order.

48. Paragraph 48 of the FAC asserts legal conclusions and a demand for relief to which no response is required. To the extent a response is required, Lemontree denies that Plaintiff or any putative class member is entitled to rest-period premiums, interest, or any other relief.

**FOURTH CAUSE OF ACTION**

**(Failure to Indemnify Necessary Business Expenses)**

49. In answering paragraph 49 of the FAC, Lemontree incorporates by reference its responses to the preceding paragraphs of the FAC as if fully set forth herein.

50. Paragraph 50 of the FAC asserts legal conclusions to which no response is required. To the extent a response is required, Lemontree states that California Labor Code section 2802 and the applicable Wage Order speak for themselves and are the best evidence of their terms. Lemontree denies that it failed to indemnify or reimburse Plaintiff or any putative class member for any necessary and reasonable business expense.

51. Lemontree denies the allegations in paragraph 51 of the FAC, including that Plaintiff or any putative class member was damaged or that Lemontree deducted any reimbursable expense from wages.

52. Paragraph 52 of the FAC asserts legal conclusions and a demand for relief to which

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

no response is required. To the extent a response is required, Lemontree states that California Labor Code section 2802 speaks for itself and is the best evidence of its terms, and Lemontree denies that Plaintiff or any putative class member is entitled to reimbursement, interest, attorneys' fees, expenses, costs, or any other relief.

**FIFTH CAUSE OF ACTION**

**(Failure to Pay Wages of Discharged Employees - Waiting Time Penalties)**

53. In answering paragraph 53 of the FAC, Lemontree incorporates by reference its responses to the preceding paragraphs of the FAC as if fully set forth herein.

54. Paragraph 54 of the FAC asserts legal conclusions to which no response is required. To the extent a response is required, Lemontree states that California Labor Code sections 201 and 202 speak for themselves and are the best evidence of their terms, and Lemontree denies each allegation inconsistent with those statutes.

55. Lemontree admits that it terminated Plaintiff's employment. Lemontree denies the remaining allegations in this paragraph, and specifically denies that it failed or continues to fail to pay any terminated employee all wages due, or that Lemontree violated California Labor Code sections 201 or 202.

56. Lemontree denies the allegations in paragraph 56 of the FAC, including that it failed to pay Plaintiff or any putative class member wages earned and unpaid at the time required by law.

57. Paragraph 57 of the FAC asserts legal conclusions to which no response is required. To the extent a response is required, Lemontree states that California Labor Code section 203 speaks for itself and is the best evidence of its terms, and Lemontree denies each allegation inconsistent with that statute.

58. Paragraph 58 of the FAC asserts legal conclusions and a demand for relief to which no response is required. To the extent a response is required, Lemontree denies that Plaintiff or any putative class member is entitled to waiting-time penalties or any other relief under California Labor Code section 203.

59. Paragraph 59 of the FAC asserts legal conclusions and a demand for relief to which no response is required. To the extent a response is required, Lemontree states that the cited statutes

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

speak for themselves and are the best evidence of their terms, and Lemontree denies that Plaintiff or any putative class member is entitled to attorneys' fees, interest, expenses, costs, or any other relief.

**SIXTH CAUSE OF ACTION**

**(Failure to Provide and Maintain Accurate and Compliant Wage Records)**

60. In answering paragraph 60 of the FAC, Lemontree incorporates by reference its responses to the preceding paragraphs of the FAC as if fully set forth herein.

61. Paragraph 61 of the FAC asserts legal conclusions to which no response is required. To the extent a response is required, Lemontree states that California Labor Code section 226 speaks for itself and is the best evidence of its terms, and Lemontree denies each allegation inconsistent with that statute.

62. Lemontree denies the allegations in paragraph 62 of the FAC, including that it intentionally or willfully failed to provide complete and accurate wage statements or misstated gross wages, total hours worked, net wages, or any other required information.

63. Lemontree denies the allegations in paragraph 63 of the FAC, including that Plaintiff or any putative class member suffered injury or damage as a result of any wage statement.

64. Lemontree denies the allegations in paragraph 64 of the FAC, including that it intentionally violated California Labor Code section 226 or denied Plaintiff or any putative class member any statutory right or protected interest.

65. Lemontree denies the allegations in paragraph 65 of the FAC, including that calculation of wages was difficult or time consuming, that Plaintiff or any putative class member suffered an unlawful burden, or that Lemontree refused to comply with California law.

66. Paragraph 66 of the FAC asserts legal conclusions and a demand for relief to which no response is required. To the extent a response is required, Lemontree denies that Plaintiff or any putative class member is entitled to actual damages or any other relief under California Labor Code section 226.

67. Paragraph 67 of the FAC asserts legal conclusions and a demand for relief to which no response is required. To the extent a response is required, Lemontree states that California Labor

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

Code section 226 speaks for itself and is the best evidence of its terms, and Lemontree denies that Plaintiff or any putative class member is entitled to injunctive relief, attorneys' fees, costs, or any other relief.

**SEVENTH CAUSE OF ACTION**

**(Violation of California Business and Professions Code Sections 17200, et seq.)**

68. In answering paragraph 68 of the FAC, Lemontree incorporates by reference its responses to the preceding paragraphs of the FAC as if fully set forth herein.

69. Paragraph 69 of the FAC asserts a legal conclusion to which no response is required. To the extent a response is required, Lemontree states that California Business and Professions Code section 17201 speaks for itself and is the best evidence of its terms, and Lemontree denies each allegation inconsistent with that statute.

70. Lemontree denies the allegations in paragraph 70 of the FAC, including that its conduct was unfair, unlawful, harmful, or affected the public interest. Lemontree further denies that Plaintiff is entitled to enforce any claim under California Code of Civil Procedure section 1021.5.

71. Lemontree denies the allegations in paragraph 71 of the FAC, including that its conduct violated California law or constituted an unlawful business act or practice.

72. Paragraph 72 of the FAC asserts legal conclusions to which no response is required. To the extent a response is required, Lemontree states that California Business and Professions Code sections 17200, *et seq*., and the California Labor Code speak for themselves and are the best evidence of their terms. Lemontree denies that it engaged in any unfair, unlawful, fraudulent, immoral, unethical, oppressive, or unscrupulous business practice.

73. Lemontree denies the allegations in paragraph 73 of the FAC, including that it failed to pay minimum wages or engaged in any unlawful or unfair activity.

74. Lemontree denies the allegations in paragraph 74 of the FAC, including that it failed to maintain accurate records or violated California Labor Code section 1174.5 or any Wage Order.

75. Lemontree denies the allegations in paragraph 75 of the FAC, including that it failed to provide compliant meal periods or engaged in any unlawful or unfair activity.

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

76. Lemontree denies the allegations in paragraph 76 of the FAC, including that it failed to authorize and permit compliant rest periods or engaged in any unlawful or unfair activity.

77. Lemontree denies the allegations in paragraph 77 of the FAC, including that it failed to indemnify necessary business expenses or engaged in any unlawful or unfair activity.

78. Lemontree denies the allegations in paragraph 78 of the FAC, including that it failed to provide accurate itemized wage statements or engaged in any unlawful or unfair activity.

79. Lemontree denies the allegations in paragraph 79 of the FAC, including that it obtained money, property, or services from Plaintiff or any putative class member through any unfair, unlawful, or fraudulent practice, or deprived anyone of any legal right or benefit.

80. Lemontree denies the allegations in paragraph 80 of the FAC, including that Plaintiff or any putative class member suffered monetary injury as a result of Lemontree's conduct.

81. Paragraph 81 of the FAC asserts legal conclusions and a demand for relief to which no response is required. To the extent a response is required, Lemontree denies that Plaintiff or any putative class member is entitled to restitution, disgorgement, recovery of money or property, or any other relief.

82. Paragraph 82 of the FAC asserts legal conclusions and a demand for relief to which no response is required. To the extent a response is required, Lemontree denies that Plaintiff or any putative class member is entitled to declaratory or injunctive relief, and denies that there is any unfair, unlawful, or fraudulent business practice to restrain.

83. Lemontree denies the allegations in paragraph 83 of the FAC, including that Plaintiff or any putative class member lacks an adequate remedy at law, suffered or will suffer irreparable harm, or is entitled to equitable relief.

84. Lemontree denies the allegations in paragraph 84 of the FAC, including that it has avoided or will avoid paying any tax, insurance amount, or other required withholding.

85. Paragraph 85 of the FAC asserts legal conclusions and a demand for relief to which no response is required. To the extent a response is required, Lemontree states that California Business and Professions Code sections 17200, *et seq.*, and California Code of Civil Procedure section 1021.5 speak for themselves and are the best evidence of their terms. Lemontree denies that

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

Plaintiff or any putative class member is entitled to restitution, an injunction, attorneys' fees, costs, interest, or any other relief.

## RESPONSE TO PRAYER FOR RELIEF

Lemontree denies that Plaintiff, individually or on behalf of any putative class, is entitled to any relief requested in the Prayer for Relief, including class certification, appointment of a class representative or class counsel, declarations, unpaid wages or premiums, liquidated or statutory damages, penalties, restitution, disgorgement, a receiver, injunctive relief, prejudgment interest, attorneys' fees, costs, or any other relief. Lemontree further denies that the FAC contains an Eighth Cause of Action notwithstanding the references to one in the class allegations and Prayer for Relief.

## AFFIRMATIVE DEFENSES

Lemontree asserts the following affirmative defenses. In so doing, Lemontree does not concede that has the burden of production or proof as to any affirmative defense asserted below. Further, discovery has not been completed, and Lemontree reserves the right to seek leave to amend this Answer to add, modify, or withdraw defenses as permitted by the Federal Rules of Civil Procedure and the Court's orders.

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

The FAC, and each claim alleged in it, fails in whole or in part to allege facts sufficient to state a claim for relief against Lemontree. Among other things, the FAC does not adequately allege facts establishing compensable off-the-clock work known or permitted by Lemontree, meal- or rest-period violations caused by Lemontree, necessary business expenses incurred at Lemontree's direction and not reimbursed, wage-statement injury, willful nonpayment of final wages, or entitlement to equitable relief.

## SECOND AFFIRMATIVE DEFENSE

**(Statutes of Limitation)**

Plaintiff's claims and the claims of any putative class member are barred, in whole or in part, to the extent they accrued outside the applicable statutes of limitation or repose, including any shorter limitations period applicable to penalties or derivative remedies.

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

**THIRD AFFIRMATIVE DEFENSE**

**(Payment, Satisfaction, and Discharge)**

Plaintiff and any putative class members were paid all wages and premiums due and were reimbursed for all necessary and reasonable business expenses required by law. Any obligation that may once have existed has been paid, satisfied, discharged, or otherwise extinguished.

**FOURTH AFFIRMATIVE DEFENSE**

**(No Off-the-Clock Work; Lack of Knowledge or Control)**

Lemontree maintained policies requiring employees to accurately record all time worked and prohibiting off-the-clock work. To the extent Plaintiff or any putative class member performed unrecorded work, which Lemontree denies, any such work was not authorized, required, suffered, permitted, or known by Lemontree, and Lemontree lacked a reasonable opportunity to prevent or compensate it.

**FIFTH AFFIRMATIVE DEFENSE**

**(Meal- and Rest-Period Compliance)**

Lemontree maintained lawful meal- and rest-period policies and provided or authorized and permitted compliant meal and rest periods. To the extent any employee voluntarily chose not to take a provided meal or rest period, shortened or delayed a period, or failed to report an alleged violation despite available procedures, Lemontree is not liable for conduct it did not cause or prevent.

**SIXTH AFFIRMATIVE DEFENSE**

**(Business-Expense Compliance)**

Lemontree reimbursed necessary and reasonable business expenses as required by law. Any expense for which recovery is sought was not necessary, was not incurred in direct consequence of job duties or at Lemontree's direction, was not reasonably documented or reported, was already reimbursed, or was otherwise not recoverable.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Accurate Wage Statements; No Injury)**

Lemontree furnished wage statements that complied with California Labor Code section 226. Any alleged omission or inaccuracy was not knowing or intentional and did not cause Plaintiff

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

or any putative class member actual injury.

**EIGHTH AFFIRMATIVE DEFENSE**

**(No Final-Wage Violation)**

Lemontree timely paid all final wages due to employees whose employment ended. Plaintiff and any putative class member are not entitled to waiting-time penalties because no wages were willfully withheld after becoming due.

**NINTH AFFIRMATIVE DEFENSE**

**(Good-Faith Dispute and Good-Faith Compliance)**

Although Lemontree denies owing any amount, any alleged nonpayment or noncompliance was subject to a reasonable and good-faith dispute and was based on a good-faith understanding of the facts and law. Accordingly, penalties, liquidated damages, and other remedies requiring willful, knowing, intentional, or bad-faith conduct are unavailable.

**TENTH AFFIRMATIVE DEFENSE**

**(Offset, Setoff, and Credit)**

Any recovery must be reduced by all lawful offsets, setoffs, credits, payments, reimbursements, premiums, or other amounts previously provided to Plaintiff or any putative class member for the same alleged obligation.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences and Failure to Use Available Procedures)**

To the extent applicable to any recoverable item of damage, Plaintiff and any putative class member failed to use reasonable and available reporting, correction, reimbursement, timekeeping, or payroll procedures that would have prevented or promptly corrected the alleged harm. Any recovery must be limited by the avoidable-consequences doctrine to the extent permitted by law.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Waiver, Estoppel, Laches, and Unclean Hands)**

Plaintiff's equitable claims and requested equitable remedies are barred or limited, to the extent permitted by law, by waiver, estoppel, laches, and unclean hands, including conduct inconsistent with the relief sought and unreasonable delay that prejudiced Lemontree.

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Adequate Remedy at Law and Lack of Standing for Prospective Relief)**

Plaintiff is not entitled to equitable or injunctive relief because an adequate remedy at law exists and because Plaintiff has not alleged a real and immediate threat of future injury sufficient to support prospective relief against Lemontree.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(No Predicate Violation or Restitution Under the UCL)**

The claim under California Business and Professions Code sections 17200, *et seq*., fails because Lemontree committed no predicate violation and acquired no money or property from Plaintiff or any putative class member through an unfair, unlawful, or fraudulent business practice. Restitution, disgorgement, a receiver, and injunctive relief are therefore unavailable.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(No Double or Duplicative Recovery)**

Plaintiff and any putative class member may not obtain multiple, duplicative, or overlapping recoveries for the same alleged injury. Any award must be reduced or denied to prevent a double recovery or unjust enrichment.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

To the extent any claimed damages were subject to mitigation, Plaintiff and any putative class member failed to take reasonable steps to mitigate, minimize, or avoid those damages, and any recovery must be reduced accordingly.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Conduct of Others and Lack of Causation)**

Any alleged loss or injury was caused, in whole or in part, by Plaintiff, other employees, third parties, or entities for whose conduct Lemontree is not responsible, and not by any act or omission of Lemontree.

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Action Cannot Proceed as a Class Action)**

The proposed action cannot be maintained as a class action because Plaintiff cannot satisfy the prerequisites of Federal Rule of Civil Procedure 23. Lemontree opposes class certification and asserts all defenses against Plaintiff and each person who may be included in any class certified over Lemontree's objection.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(No Commonality or Predominance)**

Individualized questions concerning work performed, timekeeping, meal and rest periods, expenses, wage statements, termination circumstances, knowledge, causation, injury, and damages predominate over any common question. Commonality and predominance therefore are not satisfied.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(No Typicality, Adequacy, or Class Standing)**

Plaintiff's circumstances and alleged experiences are not typical of all proposed class members, Plaintiff cannot adequately represent persons with materially different claims or defenses, and Plaintiff lacks standing to pursue categories of claims or remedies that Plaintiff did not personally experience.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(No Superiority or Manageability)**

A class action is not superior to other available methods and would be unmanageable because adjudication would require individualized inquiries and mini-trials concerning liability, defenses, causation, and damages for each proposed class member.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Overbroad Class and No Employer Relationship)**

The proposed class is overbroad because it includes individuals who suffered no injury, whose claims are time-barred, or who were employed by another entity and not by Lemontree. Lemontree is not liable for wages, breaks, expenses, records, or termination payments owed, if at

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

all, by a different employer.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Unjust, Excessive, or Unconstitutional Penalties)**

Any requested statutory or civil penalties must be denied or reduced to the extent they would be unjust, duplicative, grossly disproportionate, arbitrary, oppressive, confiscatory, or inconsistent with due process.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(No Entitlement to Attorneys' Fees)**

The FAC fails to establish a statutory or other basis for an award of attorneys' fees against Lemontree. To the extent a fee-shifting statute applies, any award must be limited to reasonable fees incurred on claims for which fees are legally recoverable.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(LMRA § 301 Preemption)**

Plaintiff's claims, and the claims of any putative class members, are barred or limited, in whole or in part, because they are preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Plaintiff's claims arise under, depend on, are substantially dependent upon, or require interpretation of the applicable collective bargaining agreement governing Plaintiff's and certain putative class members' employment, including provisions concerning wages, hours, scheduling, meal periods, rest periods, travel time, premiums, final wages, wage statements, grievance procedures, and other terms and conditions of employment. To the extent Plaintiff seeks to enforce rights created by or requiring interpretation of the collective bargaining agreement, those claims are preempted and cannot proceed as independent state-law claims.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust CBA Remedies)**

Plaintiff's claims, and the claims of any putative class members, are barred or limited, in whole or in part, because Plaintiff and/or putative class members failed to

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

exhaust the mandatory grievance, dispute resolution, mediation, arbitration, or other remedial procedures available under the applicable collective bargaining agreement before filing or participating in this action. To the extent Plaintiff's alleged rights arise under, depend on, or require interpretation or application of the collective bargaining agreement, Plaintiff and any similarly situated putative class members were required to pursue and exhaust the contractual remedies provided by that agreement before seeking judicial relief.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(CBA Governance / Contractual Rights Only)**

Plaintiff's claims, and the claims of any putative class members, are barred or limited, in whole or in part, because any alleged entitlement to meal periods, rest periods, scheduling rules, travel time compensation, premium pay, or related employment benefits exists, if at all, solely under the applicable collective bargaining agreement and not under independent California statutory or wage order law. Plaintiff and certain putative class members were employed in positions governed by the collective bargaining agreement, and the rights Plaintiff seeks to enforce are defined, limited, modified, or supplied by the terms of that agreement. Accordingly, Plaintiff may not recast alleged contractual rights as independent statutory claims, and any recovery is barred or limited by the terms, conditions, procedures, and limitations of the applicable collective bargaining agreement.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Additional and Unknown Defenses)**

The FAC is vague and discovery is ongoing. Lemontree therefore reserves the right to seek leave to assert additional defenses supported by facts learned through discovery or further investigation, and to amend or supplement these defenses as permitted by law.

**PRAYER FOR RELIEF**

WHEREFORE, Lemontree requests that judgment be entered in its favor and against

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

Plaintiff as follows:

1. That Plaintiff take nothing by the FAC;
2. That the request for class certification be denied;
3. That judgment be entered in favor of Lemontree on all claims;
4. That Lemontree recover its costs and attorneys' fees to the extent permitted by law; and
5. That the Court award such other and further relief as it deems just and proper.

Dated: September 10, 2026

**POLSINELLI LLP**

Alex Polishuk
Sarah Oh
Grant Horton

Attorneys for Defendant
LEMONTREE HEALTHCARE SERVICES LLC

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2026, a true and accurate copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

Cindy Cripe